## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

CRAIG CHIGUINA BREWER,
DOB: 07/12/1979

                                    Defendant.

) CRIMINAL CASE NO. **CF0714-24**
) GPD Report Nos. 24-22008/24-22152
)
)
)
)
) **DECISION & ORDER**
) **RE. MOTION TO DISMISS FOR**
) **VIOLATION OF DEFENDANT'S**
) **STATUTORY SPEEDY TRIAL RIGHT**
)
)
)
)

This matter came before the Honorable Alberto E. Tolentino on April 24, 2025, for a Motion Hearing. Defendant Craig Chiguina Brewer ("Defendant") was present with counsel Public Defender Stephen Hattori. Assistant Attorney General Kathleen O'Neil was present for the People of Guam ("People"). At the Motion Hearing, the court addressed the Defendant's Motion to Dismiss for Violation of Defendant's Statutory Speedy Trial Right, which was filed on March 19, 2025. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Dismiss for Violation of Defendant's Statutory Speedy Trial Right.

\\

\\

\\

## BACKGROUND

On October 14, 2024, the Defendant was charged with: (1) THEFT OF PROPERTY (As a 2nd Degree Felony); and (2) POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). *See* Indictment (Oct. 14, 2024). Although the Defendant was scheduled for arraignment on November 7, 2024, he was not present, leading the court to issue a bench warrant for his arrest. *See* Arraignment Hr'g Mins. at 11:05:37AM (Nov. 7, 2024).

Following the bench warrant's return, the Defendant filed his written assertion of his right to speedy trial on December 16, 2024. *See* Assertion (Dec. 16, 2024). And he subsequently filed his Notice of Entry of Plea of Not Guilty and Not Guilty by Reason of Mental Illness, Disease, or Defect ("NGRI") on December 18, 2024. *See* Notice (Dec. 18, 2024). On December 19, 2024, the Defendant was arraigned on the charges listed above. *See* Arraignment Hr'g Mins. at 9:29:25AM (Dec. 19, 2024). That same day, the court filed its Order for Forensic Evaluation. *See* Order (Dec. 19, 2024). And on January 15, 2025, Client Services and Family Counseling Division with the Superior Court of Guam filed the Defendant's Forensic Evaluation in accordance with the court's Order for Forensic Evaluation.

Without objection or dispute from the parties over the finding of competency within the Defendant's Forensic Evaluation, the court found it unnecessary to set a Competency Hearing in this case. *See* Status Hr'g Mins. at 11:32:41AM (Jan. 22, 2025). With the Defendant's competency resolved, the People subsequently found the Defendant "legally ineligible to participate in Adult Drug Court." Ppl.'s Legal Screening (Jan. 21, 2025). At a Status Hearing held on January 22, 2025, the Defendant informed the court of his other, unresolved criminal matters, which led the court to set another Further Proceedings for March 26, 2025, without objection from the parties. *See* Status Hr'g Mins. at 11:32:41AM (Jan. 22, 2025).

On March 19, 2025, the Defendant filed his Motion to Dismiss for Violation of Defendant's Statutory Speedy Trial Right ("Motion to Dismiss"). The People subsequently filed its Opposition to the Motion to Dismiss ("Opposition") on April 2, 2024. On April 24, 2025, the court held a Motion Hearing and heard the parties' arguments on the issue of dismissal in this case. Following the Motion Hearing, the court took the Motion to Dismiss under advisement.

## DISCUSSION

Pursuant to 8 GCA § 80.60, the court shall dismiss a criminal action for failure to commence a defendant's trial within forty-five (45) days after arraignment. *See* 8 GCA § 80.60(a)(2). It is undisputed that trial did not commence within forty-five (45) days of the Defendant's arraignment. However, the court must first determine whether the Defendant properly asserted his statutory right to speedy trial, while also placing his mental state at issue.

**A. Defendant Brewer properly asserted his right to speedy trial, which remained tolled while his competency was in question.**

Although the Defendant pled NGRI and asserted his right to speedy trial on December 15, 2024, he argues that the Indictment against him must be dismissed where "more than forty-five (45) days have passed since arraignment, no trial has commenced, and no good cause exists for the delay." Def.'s Mot. Dismiss (Mar. 19, 2025). In its Opposition, the People argue that the Defendant's prior assertion was not valid while his mental state was in issue. *See* Ppl.'s Opp'n (Apr. 2, 2025). Because of this, the Defendant could only properly assert his right to speedy trial after January 15, 2025, when he was found competent to be proceeded against. *Id.* at 2.

Pleading NGRI is an affirmative defense that precludes responsibility if the Defendant proves the existence of a mental illness, disease or defect by a preponderance of evidence. *See* 9 GCA § 7.22(a). When a defendant enters a plea of NGRI or gives proper notice of it, "the court shall appoint at least one qualified psychiatrist or other qualified person (hereinafter referred to

as psychiatrist) to examine the defendant and to report upon his mental condition." 9 GCA § 7.25(a). The court-appointed psychiatrist must then conform their written report under the parameters outlined in 9 GCA § 7.25(g).[1] In a criminal action, the psychiatrist deems a defendant incompetent to be proceeded as a result of a mental illness, disease or defect if they are unable to: (1) understand the nature of the proceedings; (2) assist and cooperate with counsel; (3) follow the evidence; or (4) participate in their defense. *See* 9 GCA § 7.37(a). As mentioned earlier, the Defendant was found competent to be proceeded against on January 15, 2025.

While the Defendant states that he asserted his right to speedy trial on December 15, the only assertion in the court's record of this case was made on December 16, 2024. *See* Assertion (Dec. 16, 2024). The People reference this court's previous decision, finding that a defendant who places their mental state at issue could not also properly assert the right to speedy trial until their competency was no longer in question. *See* Ppl.'s Opp'n at 2 (citing *People v. Babauta*, CF0680-23, at 2 (Super. Ct. Guam Dec. 3, 2024)). Although this court previously found that the defendant in CF0680-23 did not validly assert speedy trial at arraignment, the Defendant's assertion in *this* case is different. Unlike the defendant in CF0680-23, Defendant Brewer filed a written assertion of speedy trial when his mental state was not in question.

The Guam Supreme Court acknowledged that delays for the benefit of the defendant constitute as good cause for speedy trial purposes, such as tolling of the speedy trial clock. *See*

---

[1] Under 9 GCA § 7.25(g), the court-appointed psychiatrist's written report of the Defendant's examination must include: (1) A description of the nature of the examination; (2) The number of examinations and duration of each examination; (3) The sources of information about the defendant; (4) A diagnosis or description of the defendant's mental condition; (5) An opinion as to the defendant's competency to be proceeded against, together with the reasons and basis for the opinion; (6) If the defendant has been convicted, an opinion as to his competency to be sentenced, together with the reasons and basis for the opinion; (7) If prior to conviction, an opinion as to whether or not the defendant was suffering from any mental illness, disease or defect at the time of the conduct alleged to have constituted the offense charged against the defendant and whether, as a result thereof, he lacked substantial capacity to know or understand what he was doing; or to know or understand that his conduct was wrongful or to control his actions; or the extent to which, as a consequence of mental illness, disease or defect, the defendant did or did not have a state of mind or the capacity to have a state of mind relevant to any issue in the trial of the action; (8) A report of the care and treatment received by defendant prior to the examination.

*Ungacta v. Superior Court of Guam*, 2013 Guam ¶ 29 (holding that "delays caused by, or for the benefit of the defendant constitute good cause for speedy trial purposes.").

Although the Defendant's forty-five-day speedy trial clock would not have begun until after his arraignment on December 19, 2024, even with a preexisting written assertion of speedy trial, the Defendant's NGRI plea tolled his speedy trial clock. Specifically, the Defendant's entry of an NGRI plea constitutes as good cause to delay his speedy trial, because resolution of his competency could potentially benefit his case: preclusion of responsibility if he proves by a preponderance of evidence that he has a mental illness, disease or defect at the time of the offense. Therefore, the Defendant's speedy trial clock of forty-five (45) days remained tolled until the resolution of his competency on January 15, 2025.

**B. Although his competency was resolved on January 15, 2025, the court found good cause to delay the commencement of Defendant Brewer's trial.**

Even with the Defendant's competency resolved on January 15, 2025, the Defendant argues that there was no good cause for delaying the commencement of his trial after that date. *See* Def.'s Mot. Dismiss at 2. In response, the People argue that "[a]fter he was found competent to be proceeded against, he implicitly waived his right to speedy trial by failing to objection to the March 26 hearing date when it was suggested by the Court on January 22." Ppl.'s Opp'n at 3. Subsection (b) of 8 GCA § 80.60 outlines the following exceptions to a trial court's dismissal of a criminal action for failure to commence trial within the forty-five (45) day period:

> (1) The action is set on a date beyond the prescribed period upon motion of the defendant or with his consent, express or implied, and he is brought to trial on the date so set or within ten (10) days thereafter;
> (2) The defendant failed to appear for trial and he is brought to trial within thirty (30) days following his next appearance in the trial court; or
> (3) Good cause is shown for the failure to commence the trial within the prescribed period.

8 GCA § 80.60(b)(1)–(3).

As mentioned above, the Guam Supreme Court acknowledged that delays for the benefit of the defendant constitute as good cause for speedy trial purposes, such as tolling of the speedy trial clock. *See Ungacta v. Superior Court of Guam*, 2013 Guam ¶ 29. At the last hearing before the Defendant filed his Motion to Dismiss, defense counsel updated the court that his assigned attorney would be reviewing the status of all his criminal matters, namely CM0289-24 and CM0219-21, to determine the best way to go forward in this case. *See* Status Hr'g Mins. at 11:31:00 – 32:56AM (Jan. 22, 2025). Because he was up for probation revocation in one of his misdemeanor matters, defense counsel believed that this would impact his ability to perform in this case as well as his other cases. *Id.*

By the court's calculation, the last day to bring the Defendant to trial in this case would have been forty-five (45) days after January 15, 2025: March 3, 2025.[2] Considering defense counsel's update, the court acknowledged that it had not issued trial date on or before the forty-fifth day of the Defendant's speedy trial clock to see where this case would stand in relation to his other criminal matters. *See* Status Hr'g Mins. at 11:31:00 – 32:56AM (Jan. 22, 2025). Without objection from either party, the court scheduled a Further Proceedings for March 26, 2025. *Id.* While this was not a trial date, it can be inferred that trial would have been set for a date after the court's scheduled Further Proceedings on March 26.

Based on defense counsel's representations regarding the Defendant's other criminal in relation to this case, the court found good cause to delay his trial, especially when he faced more imprisonment in those other cases. Therefore, the Defendant's right to speedy trial was not violated.

\\

---

[2] Because March 1, 2025, is a Saturday, the Defendant's speedy trial clock extended to the next business day, Monday, March 3, 2025. *See* Guam Rules Civ. P. 6(a)(1)(C).

## CONCLUSION

For the reasons set forth above, the court hereby **DENIES** the Defendant's Motion to Dismiss.

A Further Proceedings is scheduled before this court on September 26, 2025, at 2:00PM.

**SO ORDERED** this _____ JUL 2 2 2025 _____ .



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, PDSC

Date: 7/22/25 Time: 4:59pm

Antonio Cruz
Deputy Clerk, Superior Court of Guam